

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL F. SANDLIN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-02-CV-1216-L |
| JANIE COCKRELL, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael F. Sandlin, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was released on parole after serving part of a 10-year sentence for robbery. While out on parole, petitioner was charged with fraud, assault, and theft over $1,500. The parole board initiated revocation proceedings against petitioner based on these charges and other alleged violations.[1] Following a hearing, the board revoked petitioner's parole and sent him back to prison. Petitioner challenged this action in an application for state post-conviction relief. The application was dismissed for failure to exhaust administrative remedies. *Ex parte Sandlin*, No. 52,929-01 (Tex. Crim. App. Aug. 14, 2002). Petitioner then filed this action in federal court.

---

[1] In addition to his criminal charges, petitioner allegedly violated the conditions of his release by failing to report to his parole officer and using methamphetamine. Petitioner admitted the technical violations but denied the more serious criminal charges. (Hab. Pet., Exh. F).

II.

In four grounds for relief, petitioner complains that: (1) the parole board should have reopened his revocation hearing; (2) he was denied credit on his sentence for "street time" while out on parole; and (3) his previously earned good time and work credits were forfeited.

Respondent has filed a motion to dismiss for failure to exhaust state remedies. She argues that petitioner has not presented his claims to the highest available state court in a procedurally correct manner.

A.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

B.

Petitioner has not sufficiently exhausted his state remedies in two respects. First, he never challenged the failure to reopen his revocation hearing in any state post-conviction proceeding. The only grounds raised in his state writ involved the denial of credit for "street time" while out

on parole and the forfeiture of previously earned good time and work credits. (St. Hab. Tr. at 8-9).

Moreover, petitioner's state writ was dismissed for failure to comply with section 501.0081 of the Texas Government Code. That statute provides:

> (a) The [TCDJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b) Except as provided by Subsection (c), an inmate may not in an application for writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>
> (2) if the inmate has not received a written decision described in Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
> (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge . . .

TEX. GOV'T CODE ANN. § 501.0081 (Vernon 1999). *See also Ex parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000). Because petitioner never raised his sentence credit claims in an administrative complaint pursuant to section 501.0081, he has not satisfied the exhaustion requirement. *See Garcia v. Johnson*, No. 3-01-CV-0743-M, op. at 3 (N.D. Tex. Jul. 9, 2001) (Kaplan, M.J.), *adopted by* ORDER (Aug. 29, 2001) (Lynn, J.) (dismissing federal habeas petition involving sentence credit claim where inmate failed to comply with section 501.0081).

## RECOMMENDATION

Respondent's motion to dismiss should be granted. The application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

DATED: October 4, 2002.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| MICHAEL F. SANDLIN § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-02-CV-1216-L |
| JANIE COCKRELL, Director § | |
| Texas Department of Criminal § | |
| Justice, Institutional Division § | |
| § | |
| Respondent. § | |

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

On this date the United States magistrate judge made written findings and a recommended disposition of petitioner's application for writ of habeas corpus in the above-styled and numbered cause. The United States district clerk shall serve a copy of these findings and recommendations on all parties by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The district court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from obtaining a *de novo* determination by the district court. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 4, 2002.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE